FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 25, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: GIGA WATT INC.,<br><br>    Debtor.<br>_____<br>ANDREA SHARP,<br><br>    Appellant,<br><br>    v.<br><br>GIGA WATT INC.; MARK D. WALDRON, Trustee,<br><br>    Appellees. | No. 2:25-CV-00078-SAB<br><br>**ORDER OF DISMISSAL** |

    Before the Court is Appellee's Motion to Dismiss Appeal for Lack of Jurisdiction and Standing, ECF No. 3. Appellant is pro se. Appellee is represented by Pamela Egan. The motion was heard without oral argument.

## BACKGROUND

    The Giga Watt Project was formed to build and run a large-scale cryptocurrency mining operation. As part of the project, Giga Watt sold so-called "WTT Tokens" that entitled a token purchaser to use electricity generated by the Giga Watt facility to mine and generate cryptocurrency. The sales proceeds from the WTT Tokens totaled more than $22 million, which was held by Perkins Coie LLP ("Perkins") in an escrow account. After the initial sale of tokens was complete, Perkins provided refunds to some purchasers, paying them from the escrow fund. Perkins subsequently transferred $21.6 million to Giga Watt entities,

**ORDER OF DISMISSAL #1**

and by February 22, 2018, the escrow account was depleted.

Giga Watt filed for Chapter 11 bankruptcy on November 19, 2018, in the Eastern District of Washington ("the Bankruptcy Case"). Appellee Mark D. Waldron ("Trustee Waldron") was appointed as the Chapter 11 Trustee on January 24, 2019. On November 30, 2020, Trustee Waldron commenced an adversary proceeding (the "Adversary Proceeding") against Perkins alleging that Perkins's disbursement of the escrow funds violated a fiduciary duty that resulted in Giga Watt's collapse. On December 15, 2020, the Bankruptcy Court entered an order approving the employment of Potomac Law Group ("PLG") as special litigation counsel in the Adversary Proceeding.

On December 16, 2020, a class action lawsuit was filed in this Court (the "Class Action Suit"). The class members consisted of individuals who had purchased WTT Tokens, including Appellant.

PLG ultimately reached an agreement to settle both the Adversary Proceeding and the Class Action Suit (the "Settlement Agreement"), wherein Perkins agreed to pay $3 million to the bankruptcy estate and $4.5 million to the class members. On October 4, 2023, the Bankruptcy Court approved the Settlement Agreement. On February 2, 2024, this Court entered a preliminary approval of the Settlement Agreement. The class members were allowed to object or opt-out, but none did, and this Court then entered final approval of the Settlement Agreement on May 23, 2024.

The Settlement Agreement defines a "Released Claim" as "any and all actions, claims, demands, rights, suits, and causes of action of whatever kind or nature against the Released Parties . . . ." It further defines "Released Parties" as the bankruptcy estate, Trustee Waldron, and "agents and attorneys" of the bankruptcy estate. Finally, it defines a "Releasing Party" as "Plaintiff and each and every Class Member." Under the Settlement Agreement's release clause, each Releasing Party was deemed to have waived any Released Claim against any

**ORDER OF DISMISSAL #2**

Released Party.

On October 2, 2024, Trustee Waldron filed three omnibus objections to 283 claims that had been made against the bankruptcy estate, arguing that the claims should be disallowed and expunged from the Bankruptcy Court's claims register because they had been released under the Settlement Agreement. On January 30, 2025, the Bankruptcy Court granted Trustee Waldron's omnibus objections (the "Order"). On March 5, 2025, Appellant filed a Notice of Appeal in the U.S. District Court for the Eastern District of Washington, seeking to overturn the Order. On March 12, 2025, Appellee filed this Motion, asking this Court to deny the appeal for lack of appellate jurisdiction and standing.

## MOTION STANDARD

A notice of appeal of a bankruptcy order must be filed within 14 days after the order is entered. Fed. R. Bankr. P. 8002(a)(1). The bankruptcy court may extend the deadline to file an appeal if the appellant (1) files a motion to extend the deadline within 35 days of the order and (2) demonstrates excusable neglect. Fed. R. Bankr. P. 8002(d).

## ANALYSIS

Here, the appeal is untimely under Federal Rule of Bankruptcy 8002(a)(1). There is nothing in the record to indicate the bankruptcy court extended the deadlines.

//
//
//
//
//
//
//
//

**ORDER OF DISMISSAL #3**

Accordingly, **IT IS HEREBY ORDERED**:

1. Appellee's Motion to Dismiss Appeal for Lack of Jurisdiction and Standing, ECF No. 3, is **GRANTED**.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, provide copies to pro se Appellant and appellee counsel, and **close** the file.

**DATED** this 25th day of April 2025.



Stanley A. Bastian
Chief United States District Judge

**ORDER OF DISMISSAL #4**