FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 14, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: GIGA WATT INC., <br><br>    Debtor. <br>_____<br>ANDREA SHARP,<br><br>    Appellant,<br><br>    v.<br><br>GIGA WATT INC.; MARK D. WALDRON, Trustee,<br><br>    Appellees. | No. 2:25-CV-00078-SAB<br><br>**ORDER DENYING**<br><br>**RECONSIDERATION** |

Before the Court is Appellant's Construed Motion for Reconsideration ECF No. 14. Appellant is pro se. Appellee is represented by Pamela Egan. The motion was heard without oral argument.

## BACKGROUND

The facts underlying this case have previously been described at length. *See* ECF No. 10 at 1–3.

On January 30, 2025, the Bankruptcy Court granted Trustee Waldron's omnibus objections. On March 5, 2025, Appellant filed a Notice of Appeal in the U.S. District Court for the Eastern District of Washington, seeking to overturn the Order. On April 25, 2025, this Court entered an order of dismissal, noting that the appeal was untimely under the Federal Rules of Bankruptcy and there was nothing in the record to show the Bankruptcy Court had extended the deadline. Appellant

**ORDER DENYING RECONSIDERATION** #1

filed the instant motion on May 8, 2025.

## MOTION STANDARD

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "A district court may properly reconsider its decision if it '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *Sch. Dist. No. 1J*, 5 F.3d at 1263). "There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J*, 5 F.3d at 1263. Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

## ANALYSIS

Here, Appellant has failed to demonstrate circumstances that warrant reconsideration. She has neither presented new evidence nor demonstrated an intervening change in controlling law. Moreover, Appellant does not contend that the Court's prior order was entered in error, she simply argues that the Bankruptcy Rule is a "very minor procedural filing deadline." Appellant is mistaken: the 14-day deadline is jurisdictional, and failure to meet the deadline leaves this Court without the necessary jurisdiction to hear the appeal, even if consideration were appropriate. *See In re Wilkins*, 587 B.R. 97, 102–03 (B.A.P. 9th Cir. 2018).

//

//

**ORDER DENYING RECONSIDERATION #2**

Accordingly, **IT IS HEREBY ORDERED**:

1. Appellant's Construed Motion for Reconsideration ECF No. 14, is **DENIED**.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, provide copies to pro se Appellant and appellee counsel, and **close** the file.

**DATED** this 14th day of May 2025.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING RECONSIDERATION #3**